IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT LEE TUNSTALL, JR., | | |
| Plaintiff, | No. CIV S-11-1730 WBS DAD P | |
| vs. | | |
| CDCR EXTRADITION UNIT, | ORDER AND | |
| Defendant. | FINDINGS AND RECOMMENDATIONS | |

Plaintiff is a prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19    The Civil Rights Act under which this action was filed provides as follows:
20
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

23 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Plaintiff's Complaint**

In the present case, plaintiff contends that on April 27, 2011, he was illegally extradited from Louisiana to California before he could assert his rights "to a (sic) identification hearing and writ of habeas corpus and Governors procceding (sic)." (Doc. No. 1 at 3.) Plaintiff claims that, as a result, his due process rights were violated. (Id.) He seeks monetary compensation in the amount of twenty-five million dollars. (Id.)

**III. Analysis**

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his or her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, plaintiff is attempting to challenge his extradition from Louisiana to California, which resulted in his confinement at the Yolo County Monroe Detention Center and California Deuel Vocational Institution. Plaintiff's success in this action would necessarily call into question the validity of his confinement. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the

imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).  See also King v. Brown, 8 F.3d 1403, 1409 (9th Cir. 1993) (U.S. Court of Appeals has habeas jurisdiction over a petitioner's claim that his prosecution was barred in state court by the Interstate Agreement on Detainers because of Congressional approval of the compact); Floyd v. CDCR, No. CIV S-11-0834 DAD P, 2011 WL 1345028, at *2 (E.D. Cal. Apr. 8, 2011) (dismissing plaintiff's civil rights action challenging her extradition from New Mexico to California without prejudice to the filing of a habeas action); Scott v. Director of Corrs., No. C02-3507CRB(PR), 2002 WL 1767415 at *1 (N.D. Cal. July 29, 2002) (dismissing without prejudice to the proper filing of a petition for writ of habeas corpus plaintiff's civil rights complaint alleging that his extradition from Ohio to California was illegal).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's August 29, 2011 motion to proceed in forma pauperis (Doc. No. 8) is denied.

Also, IT IS HEREBY RECOMMENDED that this civil rights action be dismissed without prejudice to plaintiff's pursuit of habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

/////
/////
/////
/////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tuns1730.56